UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARRY D. ALEXANDER, | ) |
| | ) CASE NO. C13-0141-RSL-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| STATE OF WASHINGTON, | ) |
| | ) |
| Respondent. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition signed on January 15, 2013. (Dkt. 1.) He seeks to challenge a March 2006 conviction. (*Id.*) However, because it was apparent that the petition is barred by the applicable statute of limitations, the Court directed petitioner to show cause on or before March 4, 2013 why his petition should not be dismissed. (Dkt. 4.)[1] To date, the Court has not received a response to

---

[1] The Court also noted that petitioner failed to submit his petition on the proper form and failed to name the proper respondent; that is, petitioner failed to name the state officer having custody of him

REPORT AND RECOMMENDATION
PAGE -1

the order to show cause. Accordingly, for the reasons described below, the Court recommends that petitioner's habeas petition be DENIED and this action DISMISSED.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to § 2254 habeas actions. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157,

---

as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1).

The one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim.  28 U.S.C. § 2244(d)(2). A personal restraint petition deemed time-barred in state court is not properly filed and does not, therefore, toll the statute of limitations.  *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005).

In this case, petitioner submitted decisions from the Washington Court of Appeals and Washington Supreme Court, dated July 31, 2012 and December 7, 2012 respectively, reflecting that his conviction became final on May 28, 2008, when the mandate in his direct appeal was filed.  (Dkt. 1 at 15-19.)  Those decisions further reflect that the state courts found a collateral attack on petitioner's conviction, filed in April 2012, time-barred under RCW 10.73.090(1). (*Id*.)

Assuming the addition of ninety days to the May 28, 2008 date identified by the state courts, petitioner's statute of limitations began to run at least as of August 26, 2008. Petitioner's statute of limitations expired one year later, on August 26, 2009.  His subsequent personal restraint petition, filed almost three years after the expiration of the statute of limitations, was untimely and did not serve to toll the federal statute of limitations.  As such, petitioner's January 15, 2013 habeas petition, filed well over three years after the expiration of the statute of limitations, is clearly time-barred.

REPORT AND RECOMMENDATION
PAGE -3

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418) (emphasis deleted). In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner did not assert any basis for equitable tolling. (*See* Dkt. 1 at 12.) He, instead, maintained the petition is timely as filed within one year of the Washington Supreme Court's December 7, 2012 ruling denying review of his collateral challenge. However, as explained above, petitioner's statute of limitations had expired long before that state court decision. Nor is there any apparent basis for finding extraordinary circumstances beyond petitioner's control inhibiting his ability to timely pursue his claims and entitling him to the equitable tolling of the federal statute of limitations.

Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated that he is entitled to tolling of that period, his petition is time-barred under § 2244(d). The Court, therefore, recommends that petitioner's federal habeas petition be DENIED and this case DISMISSED. Additionally, because

REPORT AND RECOMMENDATION
PAGE -4

petitioner has not made "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court concludes that he is not entitled to a certificate of appealability with respect to his claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (a petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.")   A proposed order accompanies this Report and Recommendation.

DATED this 12th day of March, 2013.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge